# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
TKC International LLC ) ASBCA No. 59784
)
Under Contract Nos. N68335-05-C-0180 )
N00024-06-C-4115 )
N00024-08-C-6275 )

APPEARANCE FOR THE APPELLANT: Dr. Anthony R. Wells
Middleburg, VA

APPEARANCES FOR THE GOVERNMENT: E. Michael Chiaparas, Esq.
DCMA Chief Trial Attorney
Gregory T. Allen, Esq.
Trial Attorney
Defense Contract Management Agency
Chantilly, VA

## OPINION BY ADMINISTRATIVE JUDGE PAUL

This is a timely appeal of a contracting officer's (CO's) final decision asserting a government claim for indirect costs under three named, affected contracts[1] in a total amount of $161,705.00. The Contract Disputes Act, 41 U.S.C. §§ 7101-7109, is applicable. The Board twice sought clarification of appellant's corporate status and Dr. Wells' status as an officer of the corporation. Thereafter, the government moved to dismiss the appeal, concluding that appellant, TKC International LLC's (TKC's) representative, Dr. Anthony R. Wells, is not a corporate officer of appellant pursuant to Board Rule 15. We grant the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

On 29 April 2005, the Navy awarded to TKC Contract No. N68335-05-0180 in a fixed-cost amount of $484,900.00 to provide technical expertise and program management in support of the pumice technology program. The contract incorporated by reference FAR clause 52.232-7, PAYMENTS UNDER TIME-AND-MATERIALS AND LABOR-HOUR CONTRACTS (DEC 2002). (R4, tab 1 at 1, 5, 16; answer ¶ 3)

---

[1] Government counsel advised that the final decision incorrectly cited the affected contracts. We have amended the above caption to reflect the correct contract numbers. (Answer ¶ 13)

On 20 March 2006, the Navy awarded to TKC Contract No. N00024-06-C-4115. This was a cost-plus-fixed-fee type contract. It required TKC to design, test and deliver a software prototype for use with Navy submarines. It incorporated by reference FAR clause 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002). (R4, tab 2 at 32, 46; answer ¶ 4)

On 20 May 2008, the Navy awarded to TKC Contract No. N00024-08-C-6275. This was also a cost-plus-fixed-fee contract. It required TKC to provide engineering and technical services for innovative modeling and gaming approaches for submarine battle space components. It incorporated by reference FAR clause 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002). (R4, tab 4 at 133-34, 182; answer ¶ 5)

Over a period spanning five and one-half years, TKC submitted indirect cost rate proposals for its fiscal years (FYs) 2007 and 2008 (answer ¶¶ 7-10). On 9 May 2014, DCAA concluded that the final, revised indirect cost rate proposals were inadequate (*id.* ¶ 11). On 24 October 2014, the CO issued a final decision asserting a government claim for reimbursements of indirect costs for FY 2007 and FY 2008 in a total amount of $161,705 (R4, tab 16). This appeal followed.

The notice of appeal was submitted by Dr. Anthony R. Wells who, at that time, did not describe his legal relationship with appellant (notice of appeal). In correspondence forwarded to the Board on 11 July 2016, Dr. Wells stated, in pertinent part:

> I am no longer the CEO of TKC International LLC. I am a creditor of the said company seeking recompense from that defunct company for payments owed to that company by the Department of Defense.
>
> ....
>
> I am a TKC creditor, and therefore have a role to secure payment for unpaid costs from the Department of Defense.

In correspondence dated 14 September 2016, the government's attorney, Gregory T. Allen, Esq., questioned, *inter alia*, whether Dr. Wells was representing TKC. On 22 September 2016, Dr. Wells responded to Mr. Allen's letter; however, he did not respond to the representation issue.

On 20 October 2016, the Board ordered the parties to address, *inter alia*, the representation issue. It stated: "[I]f Dr. Wells is no longer appellant's CEO, can he represent appellant...pursuant to Board Rule 15." On 28 October 2016, Dr. Wells responded to the Board's order. He described himself as a "former employee" of

2

TKC, but, nevertheless, contended that the Board should recognize him as its representative. Dr. Wells did not provide any facts to substantiate this position. On 15 November 2016, the government responded to the Board's order. It argued that since Dr. Wells was no longer TKC's CEO, he could not represent appellant before the Board.

On 21 December 2016, the Board ordered the parties to clarify whether, pursuant to Board Rule 15, Dr. Wells was an officer of appellant. Dr. Wells responded to the Board's order on 3 January 2017 in which he stated, in pertinent part:

> TKC holds that Dr. Wells is an officer of the company in law, though not as a functioning operating official of the company since TKC is no longer operating. Dr. Wells has no corporate operating functions except to represent TKC's claims. The company is still registered in order to retrieve funds owed by the US government, and then pay debts to its bank and personnel. Dr. Wells is therefore an "Officer" and recognized as such by the Commonwealth of Virginia, with whom TKC is registered.

Dr. Wells does not support his allegations with any record evidence; accordingly, we must reject them. Also on 3 January 2017, the government responded to the Board's order. It cited Dr. Wells' statement to the Board on 11 July 2016 that "I am no longer the CEO of TKC International LLC." The government moved the Board to dismiss the appeal.

## DECISION

TKC has the burden of proving that Dr. Wells qualifies as an "officer" of appellant pursuant to Board Rule 15. *See, e.g., RMS Technology, Inc.*, ASBCA No. 50954, 00-1 BCA ¶ 30,763 at 151,927. According to Dr. Wells' own words, he is "no longer the CEO of TKC" and thus does not qualify to represent TKC as an officer under this rubric.

3

## CONCLUSION

The government's motion is granted. Since the Board cannot proceed to adjudicate the appeal without a representative for appellant, the appeal is dismissed.

Dated: 6 April 2017

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59784, Appeal of TKC International LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals